UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60117-CIV-DIMITROULEAS

ROBERT WEBSTER,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss [DE 5] (the "Motion"), filed herein on January 24, 2020. The Court has considered the Motion, the Response [DE 10], the Amended Reply [DE 17], and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On December 17, 2019, Plaintiff Robert Webster ("Plaintiff" or "Webster") filed this action in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen").[1]  The Complaint alleges that Defendant charged convenience fees not permitted under statute or contract and received kickbacks associated with those fees, constituting an unlawful debt collect practice in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act Chapter 559, Florida Statutes ("FCCPA"). *See* [DE 1-2].   Defendant removed the case to federal court on January 17, 2020 on federal question grounds. *See* 28 U.S.C. § 1441(a)–(b); 28 U.S.C. § 1331.  Following removal,

---

[1] Ocwen's successor-in-interest for purposes of this action is PHH Mortgage Corporation ("PHH"), who assumed Ocwen's obligations under this action. *See* [DE 1].

Defendant filed the instant Motion to Dismiss. *See* [DE 5].

## II.    LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Chaparro v. Carnival Corp.*, 693 F. 3d 1333, 1337 (11th Cir. 2012).  A claim is subject to dismissal pursuant to Rule 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face." *Bell Atl Corp. v. Twobly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court has explained this standard as follows: A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement", but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 US. 662, 678, 129 S. t. 1937, 173 L. Ed. 2d 868 (2009) (internal citation omitted).  This pleading standard does not require "detailed factual allegations," but it does demand "more than  an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro*, 693 F.  3d at 1337.  Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *Twombly*, 550 US. at 555, 127 S. Ct. 1955.

In considering a party's motion to dismiss under Rule 12(b)(6), the allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Powell v. Thomas*, 643 F. 3d 1300, 1302 (11th Cir. 2011).  But the Court need not accept as true "labels and conclusions", formulaic recitation[s] of the elements of a cause of action," nor legal conclusions couched as factual allegations.  *Iqbal*, 129 S. Ct. at 1949-50; *Chaparro*, 693 F. 3d at 1337.  Thus, evaluation of a motion to dismiss requires two steps: (1) eliminate any allegations in

the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and … determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

"A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (*quoting St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)).  However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims," *id.* (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

### III.    DISCUSSION

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim. Defendant argues that the statute of limitations bars Plaintiff's FCCPA claim.  Defendant also contends that it is entitled to dismissal because the convenience fees at issue do not qualify as a "debt" under the FDCPA and the FCCPA; that Ocwen does not qualify as a "debt collector" under the FDCPA and the FCCPA; and that the Speedpay fees at issue do not violate the FDCPA or the FCCPA.

First, the Court finds that Defendant's statute of limitations affirmative defense as to the FCCA claim is not proper grounds for a 12(b)(6) dismissal motion in this case, as it is not apparent from the face of the Complaint that this claim is time-barred. *See California Fin., LLC v. Perdido Land Dev. Co.*, 303 F. Supp. 3d 1306, 1311 (M.D. Fla. 2017) ("A statute of limitations argument is an affirmative defense and thus best raised by answer rather than by a motion to dismiss. '[O]nly in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the

statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted.'") (*quoting Rigby v. Liles*, 505 So.2d 598, 601 (Fla. 1st DCA 1987)).

With regard to the remaining issues raised by Defendant 's motion, the Court acknowledges a split among the district courts with regard to dismissing or permitting virtually identical claims that have been brought against this Defendant.  In *Turner v. Ocwen Loan Servicing, LLC*, Case NO. 8:20-cv-137-T-30SPF (M.D. Fla. Feb. 24, 2020), the district court dismissed the FDCPA and FCCPA claims, holding that Ocwen was not a "debt collector" and the Speedpay fees were not a "debt" under the statute.  In *George Fox v. Ocwen Loan Servicing, LLC*, Case No.: 20-cv-80060 (S.D. Fla. Mar. 2, 2020) and *Cathy Booze v. Ocwen Loan Servicing, LLC,* Case No.: 20-cv-80135 (S.D. Fla. Mar. 2, 2020), the district court denied the nearly identical motions to dismiss to the one Defendant filed in this case.

The Court has carefully considered the relevant arguments and case law and agrees with the analysis and conclusions of Judge Middlebrooks in *Fox* and *Booze,* which the Court adopts and incorporates herein and need not restate here. The Court likewise finds that the Speedpay fees it issue are "expenses incidental to the principal obligation" and therefore are covered by the FDCPA and the FCCPA, that these fees violate the FDCPA and the FCCPA as they are not permitted by law nor explicitly authorized by the agreement creating the debt, and that Ocwen is sufficiently alleged to be a "debt collector" under the relevant statutes. *See Fox v. Ocwen*, Case No.: 20-cv-80060 at [DE26]; *Booze v. Ocwen,* Case No.: 20-cv-80135 at [DE 12].   Accordingly, upon consideration of the allegations of the Complaint, the Court determines that Plaintiff has alleged sufficient allegations to survive a 12(b)(6) motion.

**IV.     CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to

Dismiss [DE 5] is hereby **DENIED.**   Defendant shall file an Answer within fourteen (14) days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 30th day of April, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

cc: All counsel of record